IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| UNITED STATES OF AMERICA, | ) | CR 12-14-M-DWM |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | O R D E R |
| KENNETH DANIEL CHRESTENSEN, | ) | |
| Defendant. | ) | |

In his motion to change his plea, Defendant Kenneth Daniel Chrestensen requested that the plea agreement be filed under seal. But he did not articulate any reason why it should be filed under seal. He must do so under Local Rule 11.1: "No plea agreement may be filed under seal unless a party moves for leave to seal under L.R. CR 49.1."

The Court has inherent power to seal documents filed in criminal and civil cases. *See United States v. Shryock*, 342 F.3d 948, 983 (9th Cir. 2003) (citations omitted); *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1101–02 (9th Cir. 1999). But this power must be balanced against the public's "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978). The party asking for leave to file under seal must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178–79 (citations and internal quotation marks omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Id. The mere fact that public disclosure of records might lead to a party's "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citation omitted)

No compelling reasons to seal the plea agreement are presented or apparent

here. Accordingly, IT IS HEREBY ORDERED that Chrestensen's request that his plea agreement be sealed is DENIED.

Dated this 12th day of July 2012.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT